Sewall, J.
With us incorporations are by statute either mediately or immediately ; and the powers, incidents, duties, and liabilities, of the corporation, are to be determined by the statute or statutes in which the corporation originates.
Towns, parishes, and proprietors of common lands, who hold meetings and regulate their proceedings under divers provisions of statutes enacted upon those subjects, are said to be quasi corporations, and have certainly many of the incidents of corporations aggregate; and as to these, there can be no doubt of their liability in actions of assumpsit. The practice of bringing actions against them in that form, and of maintaining such actions by evidence of parol promises, both express and implied, has been in long-continued and frequent use, and has never been questioned.
Aggregate corporations, in the sense which those terms have at rommon law, have been created also by private and particular statutes, in which the incidents, powers, duties, advantages, and liabilities, of the corporations are generally stated in some detail. [ * 401 ] * There are general statutes, to declare what shall be the incidents of all incorporations established for certain purposes; and accordingly the corporations since created are, by the statutes incorporating them, established with a reference to the general statute, by which corporations for those purposes are regulated. (6)
But it may be said, as to all corporations created by' special statutes, that in the statute of incorporation, either expressed therein, or by reference to the more general statute respecting incorporations of that character or use, that they have an authority and capacity granted them, to establish such rules and regulations as shall be necessary for the well-ordering of the affairs thereof.
We are therefore to look at their rules, and their mode of doing business, of well-ordering their affairs, which they themselves nave adopted; and if they have practically, or by the rules established, neglected or dispensed with any precautions which at common law were deemed essential to the security of aggregate corporations, still, if there is sufficient evidence of a common consent, .of a joint and corporate act, they must be considered as liable, especially where individuals, who have trusted to th’e good faith of a corpora *399 tion, would be injured and deprived of their remedy if any othei construction of the doings of the corporation were adopted. (7)
In short, this question, if there has been no direct decision upon it, has been impliedly determined by this Court in several cases that have occurred. The case of Gray vs. Portland Bank (8) may be mentioned as one where the point was suggested; but the suggestion was overruled upon the authority of the case in Douglas, cited in the argument for the plaintiff, where the Bank of England were said to have been considered liable in this form of action. Indeed, where the promise arises by implication of law upon proving a duty, applicable and incident to the whole aggregate corporation, their concurrence in the contract seems to be proved, as fully as it can be in any case.
* It is necessary to prove the duty upon which the [ * 402 ] assumpsit is supposed to arise. This may appear by evidence of some express stipulation fairly made in the name of the corporation, by their agent or directors, authorized by their rules and regulations, or by corporate votes. The duty may arise upon some act or request of the same agency, and within their authority, where no express stipulation is to be proved. But where the duty is fully implied and understood, and arises upon a meritorious and valuable consideration, the party entitled by the consideration may maintain this action of assumpsit.
The doubt, principally arising in the case at bar, is upon the evidence offered to prove a duty of this corporation, as arising upon the consideration by which the plaintiffs would entitle themselves. They prove no request of General Bridge, or of the directors, as such, or of any person acting or professing to act, in the name and behalf of the corporation. The plaintiffs claim the amount of their disbursements for work done on the turnpike road. The disbursements, or the application of them, are not disputed, and General B. and other members of the corporation saw the men at work, who were employed and paid by the plaintiffs. But this evidence does not prove a request to the plaintiffs by the corporation, or by the directors, or by their authorized agent; or any stipulation, expressed or implied, to authorize a charge against the corporation for these disbursements. What is proved may have happened under a con-' tract with General B., for himself individually, or in behalf of the corporation; and this contract it may be convenient, in certain events, to suppress. In the votes of the directors, and the authority given to General B., he was directed to make his contracts for the corporation in writing; and contracts not reported and recognized *400 at a certain meeting were there rescinded, at least so far as to revoke the authority given to General B., or any other agent of the directors, for any contract not then reported for allowance and confirmation. General B. was then present, and stated nothing of any contract with the plaintiffs.
* It is also to be observed that the authority to General B., and to the other agents, seems to have required invariably a stipulation to pay one third in turnpike shares. No contract by General B., as agent of the corporation, would be valid-to charge them, from which that stipulation was omitted.
, No individual member can represent the corporation in their aggregate capacity, but in consequence of their consent. The requisite evidence of this, at common law, was a deed under the seal of .the corporation. (9) Aggregate corporations established by statute are not restricted to that formality. They have powers given them to order their affairs, and to appoint and employ agents by votes, or in such other manner as the corporation may by their by-laws direct. But no person is an agent for them who proceeds without any authority, either by letter of attorney or by a corporate vote, or who acts beside the authority given him; that is, his acts will not charge them, unless subsequently assented to by some act of the corporation.
Upon the whole, we see no sufficient evidence of any authority which General Bridge had to bind the corporation, so as to subject them to this demand of the plaintiffs. The verdict taken in the case is therefore set aside, and

A new trial granted, 

(a)

 Stat. 1804, c. 125. —1808, c. 65.

 1 Chitty, 98. — 5 East, 239, 242. — 6 Vin. Abr. 137, pl. 49.

399-9"> 3 Mass. Rep. 364.

 Co. Lit. 66, b. — Com. Dig., tit. Franchises, 11,12, 13.

 [Overseers, &c., North White Hall vs. Overseers, &c., South White Hall, 3 Serg. Rawle, 117. — Bank of Columbia vs. Paterson, 7 Cranch, 299. — Danforth vs. Schoharie Turnpike Comp. 12 Johns. 227. — Dunn vs. St. Andrew's Church, 14 Johns. 118.
— Clark vs. Corporation of Washington, 12 Wheat. 40. — Bank U. S. vs. Dandridge, 12 Wheat. 64. — Magill vs. Kanfmow, 4 Serg. & Rawle, 317. — Proprietors Canal Bridge vs. Gordon, 17 Mass. Rep. 297. — Foster vs. Essex Bank, 17 Mass. Rep. 479.
— Salem Bank vs. Gloucester Bank, 17 Mass. Rep. 1. — See Slack vs. Highgate Archway Company, 5 Taunt. 792._— Murray vs. East India Company, 5 B. & A. 204. — Garvey vs. Colcock, 1 Nott & M’Cord, 231. — Broughton vs. Manchester Waterworks, 3 B. & A. 1. —Ed.]