## COUNTY OF GRAND ISLE.

#### AT THE

### JANUARY TERM, 1858.

---

PRESENT,

HON. ISAAC F. REDFIELD, CHIEF JUDGE.
HON. MILO L. BENNETT, ⎫
HON. LUKE P. POLAND, ⎬ ASSISTANT JUDGES.
HON. JOHN PIERPOINT, ⎭

---

GILES HARRINGTON *v.* THE SIXTH SCHOOL DISTRICT IN ALBURGH.

*School districts. Authority of prudential committee.*

The prudential committee of a school district have no authority, without a vote of the district to that effect, to employ counsel in the name of the district to defend a suit against an officer of the district, in which the district may be interested.

Harrington *v.* School District No. 6 in Alburgh.

The fact that the pendency of such a suit, and even the employment of an attorney by the prudential committee, without authority, to defend it, are known to the officers of the district and to the voters therein generally, has no legal tendency to show, on the part of the district, any acquiescence in or adoption of the employment of the attorney.

Book Account. The following facts were found by the auditor. The plaintiff's account was for services rendered by him as attorney for the defendants, in a suit brought by one Mott against Reynolds, the collector of the defendants, to recover damages for the seizing and selling by said collector, of Mott's property in the collection of a tax assessed by the defendants against said Mott.

It appeared that at or about the time of the commencement of the suit against Reynolds, one Ladue, then sole prudential committee of the school district, in his capacity as such committee, retained and employed the plaintiff, on behalf of the district, to appear in and defend said suit; and that the services charged in the plaintiff's account were rendered upon such retainer and employment. No authority by vote of district was ever given to Ladue, or their prudential committee, to defend the suit or to employ counsel therein; neither had the district by any vote or act in school meeting, either recognized the plaintiff's claim, assumed the defense of the suit, employed the plaintiff therein, or ratified the action of the prudential committee in so doing. Ladue had no other authority to defend the suit or employ counsel therein than such as was incident by law to his office of prudential committee. The whole question in the suit of *Mott* v. *Reynolds*, which resulted in a judgment for the defendant, was whether the vote of the district raising the tax, was legal and valid. The vote was to raise a tax to pay a teacher who had taught the school without having the certificate required by the then existing law.

The county court,—Peck, J., presiding,—rendered judgment *pro forma* for the plaintiff for the amount of his account. Exceptions by the defendants.

*W. W. White,* for the defendant.

The plaintiff, *per se.*

The opinion of the court was delivered by

POLAND, J.   The plaintiff's right to recover depends upon the authority of the prudential committee to employ counsel to prosecute or defend a suit for the district, or a suit against some officer of the district, in which the district may be interested.   As a general rule corporations can only bind themselves by a corporate vote, or by an agent duly authorized to act for them; and though in many cases, implications are made against corporations from their acts and course of business, these are usually cases of private and business corporations, and not public or municipal corporations.

School districts, though by statute made corporations and liable to be sued as such, are yet of the most limited character.   They are formed for the single purpose of maintaining public schools, and their corporate power and scope extends only to such matters as are necessary to enable them properly to answer that end.   The statute provides for the annual election of certain officers of the district, and defines the duties of each, and especially those of the prudential committee, but among them that of prosecuting or defending suits is not named, and we are of opinion that it was not intended they should have that power.   This is made more apparent by the provisions of the statute authorizing school districts to appoint an agent or attorney to prosecute and defend suits. See Compiled Statute 472, sec. 1.

The facts reported by the auditor show that the plaintiff was employed by the prudential committee, and in no other manner, and we regard this as an employment by a person having no authority to bind the district.   We see no reason why this power is to be implied in favor of the prudential committee, rather than to any other of the usual officers of the district.   Manifestly where the suit is against the collector, for an act done by him in his official character, there would be more reason in allowing him to employ counsel at the charge of the district.

In the present case there would seem to be more propriety in requiring a vote of the district, either directly to employ counsel to defend the collector or to appoint an agent for that purpose, because it was clearly a case where the district were not legally bound to idemnify the collector, because it appeared by the result of the suit that the whole proceedings of the district were legal,

and they are only bound to indemnify the collector when he is made liable by reason of some irregularity in their proceedings. See Compiled Statute 471, secs. 55, 56.

The fact that the officers of the district, and the voters of the district generally, knew of the pendency and progress of the suit (even if it will bear the construction that they knew of the employment and performance of services by the plaintiff in defending it,) we think has no legal tendency to show any acquiescence in or adoption of the employment of the plaintiff by the district. It is said in Angell & Ames on Corp. sec. 239, "That since *individual members of a corporation cannot, unless authorized, bind the body by express promises,* neither can any corporate engagements be implied from their unsanctioned conduct or declarations. As corporations can be expressly bound only by joint and corporate acts, so it is only from such acts, done either by the corporation as a body or by its authorized agents, that any implication can be made binding it in law."

In *Hayden et al.* v. *Middlesex Turnpike Co.,* 10 Mass. 397, where the plaintiffs claimed to recover for work done on the defendants' turnpike, it was held that the plaintiffs' men being seen at work upon the road by different members of the company, and even by an agent authorized to contract for it, *but in writing only,* the court held to be insufficient to raise an implied promise by the defendants.

The court are of opinion that the plaintiff was not so employed as to authorize him to charge his services to the district, and the judgment of the county court is therefore reversed and judgment rendered for the defendant.