## DAVID JOHNSON *v.* NELSON S. COLBURN.

*Tax. School District. Collectors. Rate Bill. Agent.*

Where a tax is voted for several purposes, if any part of it is void, the whole is void.

*Quere.* Whether the statute, (G. S. ch. 84, § 63, p. 538,) indemnifying collectors against illegality of tax bills, embraces any case except where the rate bill is furnished to the collector by the officers whose legal duty it is to perform that service.

While the construction of the statute in this respect is undecided, and suits arise against a collector in attempting to collect a tax upon a rate bill furnished him by a special committee appointed by the district to remove and repair a school house, and an agent is appointed to defend said suits, the district have the legal right to raise a tax to defray the expense thereof.

But if the vote appointing the agent was beyond the corporate power of the the district, the agent would have no remedy against the district for the expense incurred in this behalf.

The district will not be exonerated by the collector's taking a bond of indemnity from such special committee.

REPLEVIN for a cow belonging to the plaintiff taken by the defendant, February 18th, 1862. The following statement of facts was agreed upon by the parties in said cause, and the case submitted to the court for its decision upon those facts :

School District No. 6, in Shrewsbury, at a meeting duly warned and holden on the 9th day of Nov. 1858, voted to remove and repair their school house, and appointed a committee for that purpose, and voted a tax not to exceed one hundred dollars, to defray the expenses of said removal and repair. The committee having completed the removal, &c., at an expense less than $100., assessed a tax upon the district, and made a rate bill, &c., and signed the same, and offered it to the legal collector of the district for collection, who notified the committee that said bill and tax was illegal for the reason that it was not made by the prudential committee, and the committee executed to the collector a bond of indemnity for the collection of said tax, and thereupon the collector proceeded in the collection of said tax—and thereupon two suits were brought against the collector for his proceedings in the collection of said tax. After the commencement of the suits,

the district voted to appoint Lorenzo A. Colburn the agent of the district, to defend the two suits so brought against the collector. The agent thereupon proceeded to defend said suits, and they were finally decided by the supreme court against the collector.

At a meeting of said school district, legally warned and holden for that purpose, on the 1st day of June, 1861, the district voted to raise a tax on the grand list for that year, not to exceed the sum of three hundred dollars, to defray the expenses of removing and repairing of their school house and to defray the expenses of the said law suits which Lorenzo A. Colburn was appointed the agent of said district to manage and defend, and all other expenses of said district, except the expenses of the school and repairs of the school house, for the year commencing March 26, 1861. In pursuance thereof the prudential committee assessed a tax on the grand list of said school district for that year, for the sum $261.72., (the legal proportion of said tax assessed to the plaintiff was $18.23,) and made his tax bill and procured a warrant thereto attached and delivered the same to the defendant, who was then the legal collector of said school district, for collection, who legally demanded of the plaintiff his said proportion of the tax, as stated in the rate bill, which the plaintiff refused to pay, and thereupon in due time, the defendant legally distrained said cow, the property of the plaintiff, upon said tax bill and warrant, and properly kept the same for sale to satisfy said tax, but before the defendant could legally sell the cow upon his warrant, the plaintiff brought this action of replevin, and therein took said cow from the defendant's custody.

Upon these facts, the court, September Term, 1863, KELLOGG, J., presiding, rendered judgment for the defendant to recover for the amount of said tax $18.23 with interest,—and two dollars for his legal fees, costs, charges and expenses, for keeping and distraining said cow, and his costs of this suit; this being the judgment agreed upon by the parties, provided judgment should be rendered in favor of the defendant. Exceptions by the plaintiff.

*E. Fisher*, for the plaintiff, cited 13 Gray, 321; *Green* v. *Whipple*, 12 Me. 254; Eastman's Dig, p, 597. § 6; 10 Vt. 506.

Johnson v. Colburn.

*W. H. Smith*, for the defendant, cited *Briggs* v. *Whipple*, 6 Vt. 95.

PECK, J. If any part of the tax is void, it being entire, the whole is void. The question then is, had the district the legal right to raise a tax to defray the expense of defending those two suits against the collector, after having defended those suits by an agent apppointed by vote of the district for that purpose. The question involved in those cases was as to the regularity of the assessment of that former tax, it having been voted for a legal purpose. The statute provides that the district shall be liable to indemnify the collector when made liable " by reason of the illegality of the imposition, assessment or apportionment of any tax, or any illegality or informality in the tax bill, warrant or any other precept *furnished* said collector for the collection of said tax." In this case there was such illegality in the assessment of the tax and in the rate bill, and it was furnished the collector for the collection of the tax. The event of these suits showed that the collector was made liable by reason of such illegality. Taking the statute literally, the case was one where the district was bound to indemnify the collector. In such case where the district is bound to indemnify the collector, they may do it by taking the defence upon themselves, the district having an interest in the result of the suit, or they may await the event of the suit, and if the collector is made liable, make him good for the damages he has sustained. In most cases it might be bad policy to assume the defence ; because it may be that the event of the suit will be in favor of the collector, in which case the district are not bound to indemnify him. But there may be special reasons why the district may wish to have the question thoroughly tried, and they may think they can defend the suit more economically and more succesfully than the collector would, who stands in a position that it may be for his interest to have the suit decided against him, for the sake of being indemnified by the district ; since if the event of the suit is in his favor he has no remedy on the district, and must bear the whole expense of defending it, except what he may recover of the plaintiff in taxable costs.

In *Harrington* v. *School District No. 6, in Alburgh,* 30 Vt,

155, it was decided that the prudential committee, as such, have no authority without a vote of the district, to employ counsel at the expense of the district to defend a suit against a collector. The suit in that case terminated in favor of the collector. But in that case the principle is expressly recognized that the district may do it by vote. In the present case the collector was made liable by reason of the illegality of the assessment, as we understand the exceptions. Unless it can be shown that it was not a case within the statute making the district liable to indemnify the collector, we have no doubt but the district had a right to assume the defence of these suits, and that the tax in question, raised to defray that expense, is legal. The case comes within the language of the statute; but the irregularity of the assessment for which the collector was made liable, was that the tax was assessed and rate bill made out and issued by the special committee appointed to remove and repair the the school house, under a vote of the district passed at the same time the tax was voted to defray the expense of such removal and repairs. That assessment should have been made and rate bill issued and furnished to the collector by the prudential committee. It is not entirely clear that that statute should be construed to embrace any case except where the rate bill is *furnished* to the collector by the officers whose legal duty it is to perform that service. But however this may be, this rate bill was made by a committee appointed to expend this tax, and in making the assessment and rate bill they assumed to act as the agents of the district, and must be taken to have acted in good faith. While the construction of the statute in this respect was undecided, whatever the true construction of it may be, we think there was such an apparent interest in the district in the defence of these suits, that the district was justified in assuming the defence upon their supposed liability to indemnify the collector. If they may do it when their liability to indemnify is in doubt, depending on the event of the suit, we see no reason why they may not do it when such doubt arises upon the construction of the statute. It would be manifestly unjust for the district, after having appointed an agent to defend the suits, to cast the whole expense on him after he has acted on

the faith of that vote. But still if that vote was beyond the corporate power of the district, such must be the consequence. We do not intend to decide that the district were or were not bound to indemnify the collector from those suits. It is claimed that the collector exonerated the district by taking a bond of indemnity from that special committee, and that therefore this tax is illegal. That bond was only an additional security, and not a substitute for the remedy of the collector upon the district, if he had any. It cannot affect the question of the validity of this tax. The tax in question being legal, the judgment is affirmed.