GEORGE MILLER, PLAINTIFF BELOW, PLAINTIFF IN ERROR, v. THE TOWN OF STOCKTON, DEFENDANT BELOW, DEFENDANT IN ERROR.

Argued March 16, 1910—Decided June 18, 1900.

1. Notice of an assignment of a debt due from a town incorporated under the act of 1895 (*Pamph. L., p.* 218) given to, or served upon, the treasurer alone of such town, and not upon the town council or its chairman, or members, or some officer thereof, whose duty it is to communicate the same to the council, and of which assignment the said council had no knowledge, will not be such notice of the assignment as will prevent the payment of the debt due to the assignor, and such payment will be a defence to any action at law by the assignee against the town for the amount of money so assigned.

2. The treasurer of the town under this statute is not an official representing the town in such matters. His duties extend no farther than to receive, safely keep and disburse the moneys of the town under the direction of the town council, upon a warrant of the council drawn upon him, signed by the chairman and attested by the town clerk, which warrant can be drawn upon him only in pursuance of an order or resolution of the council passed at a stated meeting, and notice to him alone, or to a like official, of the assignment, would not be notice to, nor would it bind the corporation, nor is he an officer whose official duty requires him to communicate such notice or the knowledge thereof to the council. *Quære.* Can there be a recovery at law upon a partial assignment of such a debt due to the assignee in any event, even though it be the whole or a part of a balance due upon a final payment? Is it not entirely a subject-matter over which equity has exclusive jurisdiction? ·

---

On error to the Supreme Court. Tried May 27th, 1899, before Mr. Justice Garrison without a jury.

For the plaintiff in error, *David J. Pancoast* and *Charles V. D. Joline.*

For the defendant in error, *Jonas S. Miller* and *Edward G. C. Bleakly.*

The opinion of the court was delivered by

LIPPINCOTT, J.   This writ of error is to a judgment entered upon the finding of the trial justice at the Circuit without a jury.   The finding was in favor of the defendant, and upon facts which are entirely without dispute.

It appears that one Frank A. Ward, as the agent of one Harry A. Whitcraft, entered into a contract in writing with the town of Stockton for the paving of Main street, with Jacob T. Fish and Wilhelmina Moll as bondsmen for the performance of the contract; that, Whitcraft being unable or unwilling to complete such work, Fish, on the 14th day of June following (1898), agreed with the council of the town to take personal charge of the work and finish it within thirty days according to the contract and specifications, and to pay all debts previously contracted on account of said contract. Ward, as the agent of Whitcraft, consented in writing to this agreement and the town council by express resolution accepted it.   Fish then proceeded with the work and completed the contract, and presented his bill in the name of Ward to the council for the work done in accordance with the contract. On October 11th, 1898, at a regular meeting of the council, the claim or account was considered and audited.   It amounted to $9,697.35.   Payments had been made on account amounting to the sum of $6,613.38, leaving a balance due of $3,083.97, and thereupon at the same meeting of the council, on said October 11th, 1898, a warrant for this balance was ordered by the council in favor of Frank A. Ward, agent, for this balance.   This check or warrant was endorsed by Ward and Fish and paid by the treasurer of the town at the Security Trust and Safe Deposit Company of Camden, N. J.

It also appears that the plaintiff, Miller, furnished material

to Fish towards the completion of the contract to the amount of $806, payment of which he has never received from anyone. It also appears that on October 11th, 1898, the said Fish assigned to the plaintiff the said sum of $806, part of the moneys due Fish on the contract, and authorized the town to pay the plaintiff that sum. The declaration avers the assignment was served on the town on October 11th, 1898, but that the town failed to pay the plaintiff, but paid the same to Fish, as above recited, after the notice of such assignment.

It also appears that the town council, before the work under the contract was accepted as performed and before the final payment of October 11th, 1898, made due advertisement under the sixty-seventh section of "An act for the formation, establishment and government of towns" (*Gen. Stat.*, *p.* 3540, ¶ 218, § 67), under which act the town of Stockton was incorporated. This act provides: "That before the council accept any work on any sewer or street improvement or any final payment be made to the contractor, the council shall publish as aforesaid a notice stating when the council shall receive and consider objections in writing to the work and material done and used in such improvement, and if any such objections shall appear to be well founded the council shall take such action thereon as in their judgment the interest of the town shall require." It is not apparent what bearing this advertisement can have upon the decision of the questions involved unless it be to show that the intended proceedings were made public before this time as a notice to the creditors of Fish of the performance of the work under the contract.

It was conceded at the trial that the assignment of the payment due upon the contract, to the extent of $806, was regularly made by Fish and Ward to the plaintiff.

It was contended by the plaintiff that due and legal notice of this assignment had been given to the town before the final payment was made to Fish, and therefore the plaintiff is entitled to recover the amount thereof in this action.

It was contended by the defendant that a partial assignment of such claim or debt was not enforceable at law in any event, and also that the town had no notice whatever of such assignment or any knowledge whatever of it before the final payment was made to Fish, and that such payment was regularly ordered made, and the payment also made, without any knowledge whatever of the assignment by the town council.

In respect to the assignment and the notice thereof, the evidence which is not in dispute is that on the 10th day of October, 1898, the attorney of the plaintiff saw Mr. Greenwald, the treasurer of the town, and spoke to him of the money due from the town to Fish under the contract, and that the treasurer told him that there was money enough due Fish to pay all parties, and that if an assignment should be obtained from him to the plaintiff for the sum due the plaintiff and notice thereof served on him, the money would be retained and paid over to him. The plaintiff then concluded that if he could secure an assignment from Fish he would rely upon it and notice to the town rather than file or give a notice in accordance with the second section of the act providing for the payment for labor and materials done or furnished in performing any work in public improvements in any of the municipalities of this state. *Gen. Stat., p.* 2078 ; *Pamph. L.* 1892, *p.* 369.

On October 11th, 1898, in the morning, Ward, as agent, and Fish, made an ordinary assignment of, or order, for the sum of $806 to the plaintiff and delivered it to his attorney, along with an order annexed thereto, that the same be paid to the attorney. The order was directed to the treasurer. The attorney found Mr. Greenwald at the banking-house of the Security Trust Company, in Camden, read the assignment to him, told him it was an assignment of so much of the money due to the plaintiff upon this macadamizing from Ward and Fish, handed it to him and left it with him. Mr. Greenwald received the paper and said that he would see that the money was paid to the plaintiff; that the council would have a regular meeting that evening and would pass

the order.   The attorney then told the town clerk of the town what had been done.   On the evening of the same day the council met in regular meeting, and, under the advertisement under the statute to hear objections and audit this claim, audited the same and ordered it paid to Fish, and ordered the warrant or check on the treasurer, which was drawn on him and paid by him, as shown in the facts of the case.   Neither the plaintiff nor his attorney attended this meeting, the attorney relying, as he testifies, upon the statement of the treasurer that it would not be at all necessary for him to do so.

There was no evidence to show any other character of service of the assignment or notice.   There is no proof that it was served upon any other official of the town, upon the chairman of the council, or upon any member of it, or upon the council at the meeting held on the evening of the 11th of October.   There is no proof whatever that the town council, its chairman or any member had any notice or knowledge of this assignment whatever until after the payment to Fish had been made.

Upon the stipulation as to fact and the undisputed evidence, the trial justice refused to hold that the plaintiff was entitled to recover, refused to find in favor of the plaintiff, and ruled that no promise or undertaking of the defendant to the plaintiff had been established, and that the plaintiff had failed to make out a legal cause of action, and that the defendant was entitled to judgment in his favor.

To these findings the plaintiff has excepted and upon them assigned error.

The conclusion reached is that the rulings of the learned trial justice were well founded, and that the judgment must be affirmed.

In reaching this conclusion, but one point, which seems controlling, has been considered, and that is that the notice of this assignment, as given to the treasurer alone, and uncommunicated to the town council, was insufficient and ineffective to prevent the payment by the council to Fish of the

money due to him on the contract, and that such payment prevents a recovery by the plaintiff in this action.

The duties, and the only duties of the treasurer, are those set forth in the act of 1895, page 218, to which reference has been made in the state of facts. The town was incorporated under this act, and the duties, powers and privileges of the treasurer are specifically set forth and defined. Under sections.29, 30 and 31 he is to receive, safely keep and disburse, under the direction of the town council, all' moneys belonging to or under the control of the town ; and section 29 prohibits him expressly from paying out of the treasury any money except upon the warrant of the town council, signed by the chairman thereof, and attested by the town clerk (except state and county taxes, and those moneys raised or received for school purposes), and further that no warrant shall be drawn on the treasurer, except in pursuance of an order or resolution of·the town council passed at a stated meeting, and the only other duty required of him is that he shall make report to the council of all such matters annually or whenever required, and lay all books, papers and vouchers appertaining to his office before them for their examination. He is in no other respect required to perform any duties. He is not authorized in any other respect to act for the town, its council or its officials, nor to bind it or them in any respect. And he is under no obligation to perform any duties save those enumerated in the act of the legislature. It will be observed that, in respect to this assignment, there is no discretionary power or duty lodged in the treasurer by this act to accept the same, or notice thereof that he could pay out no money upon it or bind the town to pay upon it. The town council is the body to be affected by this assignment, whose vote and action controls every expenditure of money and every payment to be made by the treasurer from its moneys, and if this assignment was to be paid to the plaintiff by the town it could only be done by resolution of the council.

The conclusion of the trial court was that the town council neither expressly nor impliedly ever received notice or in-

formation of this assignment until after the payment had been made to Fish. It is enough to say that there was evidence upon which this conclusion could be reached. It is well to say that no other conclusion could be reached upon this evidence.

The service of the assignment upon the treasurer was not a sufficient notice to the town. The very need of the notice was the protection to be afforded the town in retaining this sum of money and in making payment of it to the plaintiff. Neither under any rule of law nor upon any equitable principle can it be said that the assignment could have any effect whatever as against payment by the town without such notice.

It is well settled that an assignment for a valuable consideration of a sum of money due or to grow due upon the performance of an existing contract will, on notice thereof being given to the debtor, operate at once, or when the fund is created between the parties thereto as an equitable assignment of so much of the fund as is covered thereby, subject to all valid prior charges. The assignment needs no acceptance upon the part of the debtor, and it matters not whether the debtor be an individual or a corporation either of a public or private character; and whilst the debtor cannot refuse to recognize the notice, yet it is an absolute requirement that in some form or other the notice shall be given, and if without it the debt is paid to the person to whom it is due, or the fund disposed of or distributed to the party who is entitled to receive it otherwise than by the assignment, the assignee must necessarily be remediless either at law or in equity. *Superintendent, &c.*, v. *Heath*, 2 *McCart.* 22; *Shannon* v. *Hoboken*, 10 *Stew. Eq.* 123; affirmed on appeal, *Id.* 318; *Kirtland* v. *Moore*, 13 *Id.* 106; *Brokaw* v. *Brokaw*, 14 *Id.* 304; *Lauer* v. *Dunn*, 115 *N. Y.* 405; *Story Eq. Jur.*, § 1040; 3 *Pom. Eq. Jur.*, § 1280. Notice must be given. *Bower* v. *Hadden Blue Stone Co.*, 3 *Stew. Eq.* 171; *S. C. on appeal, sub. nom. Lyon* v. *Bower, Id.* 340; *Bank of Harlem* v. *Bayonne*, 3 *Dick. Ch. Rep.* 246, and cases cited.

The town of Stockton was a public corporation properly and strictly municipal, and the corporation itself can only be bound through its governing body, which is exclusively the town council, and the only body which could in this matter protect the corporation. If the treasurer, being without power in the premises, and without duty to communicate the notice to the council, chose to conceal his action, or his information from the council, the corporation would be absolutely without the protection to be afforded by the acts of that body, which exclusively has the power to order the disbursement of its funds. Manifestly a rule which permitted notices of this character of assignments to be given to the treasurer alone, would at once destroy the governing body's control over the affairs of the corporation. It will be noticed that the express and exclusive control over disbursements is vested in the council. It has the sole disbursing power; the treasurer is the mere custodian of the funds to be disbursed, and only to be paid out by him when the orders of the council are made and attested under the statute. Under the statute which created him no express or implied power was given him to receive this notice, and he had no legal duty imposed upon him, if he received it, to communicate it to the council, which body was certainly the one to act upon it, and being possessed of neither power nor duty in these respects the notice was of no greater force, effect or validity than it would have possessed if it had been delivered by the plaintiff to his servant or agent to make service, and who failed entirely to make the same. He was not the agent of the corporation, or of its governing body, in respect to this matter. *Harrington* v. *School District*, 30 *Vt.* 155; *Hayden* v. *Turnpike Co.*, 10 *Mass.* 397; 1 *Dill. Mun. Corp.*, § 257 *et seq.*, and cases cited in the note.

It may well be that in a matter of this kind no notice could be given at all except to the town council itself. It is a question whether it could have been given to the chairman, to the clerk, or to any one of its members. It is questionable whether it could have been given except to the council in open meeting. It may be that if information had been

actually received by the chairman, or the members of the council, sufficient to put them on their inquiry, they would be bound to make it and render the corporation liable if they did not make such inquiry. These are questions which are not now decided. It is clear in the case that this notice was not served upon or given to the town council, whose action was needed upon the matter in conducting the public affairs of the corporation, nor to its chairman, its clerk or any of its members, nor upon anyone or either of them, or others, whose duty it was in the slightest to communicate to the council on the subject. This sort of notice, actual or constructive, should have come to the town council, for it was that body alone who could retain the moneys and secure the plaintiff, and at the same time protect the public from a double payment, or create a liability against the corporation for such double payment by a refusal to recognize such notice. 2 *Dill. Mun. Corp.*, § 875, and cases cited.

In the case of *Clarke County Commissioners* v. *State*, 61 *Ind.* 75, it was held that service of a like assignment to this might be made upon the chairman of the body of commissioners without service upon the other members, for it would be his duty to communicate to the other members in meeting.

It is the corporation which must have the notice. 2 *Am. & Eng. Encycl L.* 1088.

Whilst the notice is not an essential part of the assignment, yet its office and value is to prevent the debtor, depositary or trustee and innocent third parties from dealing with the original assignor as still the creditor, owner or beneficiary. If, without such notice, he pays the amount to the assignor, he must in law be relieved from its payment to the assignee, and such payment to the assignor would be a complete defence to an action by the assignee. *Board of Education* v. *Duparquet*, 5 *Dick. Ch. Rep.* 234, 242; 2 *Spence Eq. Jur.* 856 *et seq.*

In the case of *Bank of Harlem* v. *Bayonne*, 3 *Dick. Ch. Rep.* 246, 256, the notice was served on the clerk of the council, who presented it to the council in open meeting, read it aloud and

the council received it and took action thereon.. In the case of *Shannon* v. *Hoboken,* 10 *Stew. Eq.* 123, the service was made on the city clerk. He was also clerk of the council. The order in the case was, in effect, for the delivery of street improvement certificates. No question whatever was made of the validity of the service or knowledge of council. In the case of *Field* v. *New York,* 6 *N. Y. App. Cas.* 179, the notice was served on the comptroller. It is conceived this was proper service because, by statute, the comptroller superintended all fiscal concerns of the city, examined, audited, adjusted and settled all accounts in which the corporation was concerned. Much more ample power to represent the city could hardly be conceived.

But the notice in this case was to an officer of the corporation who had nothing to do with the matter—no powers and no duties whatever in relation to it—and therefore it was not a notice to the corporation.

The service of the notice upon the treasurer was not a notice to the corporation, and as the town council made payment to Fish of the amount due him on the contract without any notice, knowledge or information of the assignment, this action is not maintainable against the town.

The conclusion renders it unnecessary to discuss the question whether an action at law can be maintained upon a partial assignment of an indebtedness or whether such an action can be sustained upon the assignment of the whole or a portion of a balance due on a final payment. *Otis* v. *Adams,* 27 *Vroom* 38.

The judgment must be affirmed, with costs.

*For affirmance*—MAGIE (CHANCELLOR), VAN SYCKEL, LIPPINCOTT, GUMMERE, LUDLOW, COLLINS, BOGERT, HENDRICKSON, ADAMS, VREDENBURGH, VOORHEES. 11.

*For reversal*—None.