No. 19.—ELIJAH BUTTS, plaintiff in error, *vs.* RALPH S. CUTH-BERTSON *et al.* defendants.

[1.] An inquiry can be made into the consideration of a note, whenever the proper administration of justice requires it.

[2.] Where a Statute gives a summary remedy for services rendered, the taking of a promissory note of the debtor does not waive the statutory lien.

[3.] A promissory note, given by an agent, will bind the corporation, provided he acted within the sphere of his powers, or the act was subsequently ratified. If A gives his note to B, in liquidation of the book-debt of C, it does not, of itself, destroy the account; nor is it, without other proof, such a payment that the original debt cannot be resorted to.

Motion to quash *Fi. Fa.* in Baker Superior Court. Decided by Judge WARREN, January, 1849.

The plaintiff and other creditors sued out and foreclosed their liens upon the steamboat Magnolia, under the Statute of 1841, giving to certain persons therein named, a lien upon steamboats and other water-craft, for provisions and wood furnished, and services rendered on board any steamboat or other water-craft, while engaged in the navigation of certain rivers therein named. (For the provisions of this Statute, see *preceding case.* See also, *Flint River Steamboat Co. vs. Foster, 5 Ga. R.* 197.)

The Sheriff levied the *fi. fas.* upon said steamboat, and sold the same for $3100. At the December Term, 1848, of Baker Superior Court, an order was taken, that all the claims upon the said fund, should be tried before his Honor, Judge *Warren,* at Chambers. Upon the hearing, on 3d January, 1849, Ralph Cuthbertson, another creditor, moved to quash the *fi. fa.* in favor of Elijah Butts; Butts objected to his being heard, 1st. Because Cuthbertson is no party to the record. 2d. That if this *fi. fa.* is fraudulently claiming this money, the remedy of the other creditors is in a Court of Equity. Which objections were overruled by the Court, to which decision Butts excepted,

Cuthbertson then moved to quash the *fi. fa.* :

1st. That the pleadings show that a promissory note is the foundation of the claim, being absolute on its face, for value received, without showing it was for any of the services mentioned in the Statute.

2d. A note cannot be varied or enlarged, so as to allow parol evidence to fix the lien in this case.

3d. The taking of the note is a waiver of the lien upon the boat, and may be enforced upon the Company, or James R. Butts, the agent, by whose name it is signed.

4th. Because the pleadings show that the plaintiff has received a note of a third person, to-wit : James R. Butts, agent, and his lien is thereby discharged.

Which motion was sustained by the Court, on the several grounds therein named; to which decision, counsel for Elijah Butts excepted.

H. MORGAN, for plaintiff in error.

E. PLATT, for defendant.

*By the Court.*—LUMPKIN, J. delivering the opinion.

The Legislature, in 1841, passed an Act, which declares that " All persons employed either as captain, pilot, engineer, first or second mate, fireman, deck-hand or in any other capacity whatsoever, on all steamboats and other-water craft engaged in the navigation of the Chattahoochee, Altamaha and Ocmulgee rivers, for *any debt, dues,* wages or *demands,* which he, she or they may have against the owner or owners of said steamboat, or other water-craft, for personal services done, rendered or performed on board the same, and for wood and provisions, shall have an exclusive lien on said steamboat or other water-craft, against the owner or owners thereof, superior in dignity to, and of higher claim than all other incumbrances, no matter of what nature or sort the same may be : *Provided,* he she or they shall demand and prosecute the collection of the same, as hereinafter provided for, at any time within twelve months after the same shall become due and payable." *Hotchkiss,* 625.

The provisions of this Act was subsequently extended to Flint river. *Laws of Ga. pam. p.* 152.

Elijah Butts, seeking to avail himself of the benefit of this Act, applied to the Honorable *Lott Warren,* Judge of the Superior Court of Baker County, stating that the steamboat Magnolia, navigating the Flint river, was justly indebted to him the sum of $1407,57, for services rendered on board said boat, and provisions and materials furnished her, &c., with interest thereon, from the first day of January, 1848; and that James R. Butts, as the agent of the Flint River Steamboat Company, did, on the 3d of June, 1848, upon demand made on him for payment of said indebtedness, and in liquidation and acknowledgment thereof, execute and deliver to him, as the agent of said Company, a promissory note, whereby they undertook and agreed to pay the sum due, as aforesaid, with interest thereon; and that they had failed to do so.

An execution was awarded and issued, and duly levied on the boat, which was sold, and the proceeds brought into Court, to be distributed under its order to the conflicting claims against the Company. Various exceptions were taken by the creditors, to the *fi.fa.* of Elijah Butts, the plaintiff in error :

1st. That the pleadings show that a promissory note is the foundation of the plaintiff's demand; and being absolute on its face, and purporting to be for value received, it was not competent, by *parol evidence,* to show that it was for any of the considerations specified in the Act of 1841, so as to fix its lien.

2d. That the taking of the note was a waiver of the statutory lien.

3d. That the plaintiff having taken the note of James R. Butts, *agent,* that his lien was discharged.

The Circuit Court decided that the first ground must be sustained, unless a bill of particulars was filed, stating what services were performed, provisions furnished, &c. and the dates of these items of indebtedness specified.

[1.] Let us inquire whether the consideration of the note could be gone into, for the purpose of fixing the statutory lien. Why could it not ? Suppose the vendor of land should attempt, after taking the note of the vendee for the purchase money, to assert his equitable lien to the proceeds, would any legal obstacle exist to prevent him from doing so ? None occurs to us. What principle is violated by instituting an investigation as to the consideration of a note, whenever it is demanded for the proper adminis-

Butts *vs.* Cuthbertson and others.

tration of justice?   The Statutes of usury and gaming are every day set up as defences to actions on bills of exchange and negotiable notes, even in the hands of innocent holders.   No plea is more common in our Courts, to actions even on bonds, than a failure of consideration.

But take another illustration:  An infant gives a note for necessaries.   To an action on the instrument infancy is pleaded; the plaintiff is allowed to reply and prove that the contract was for necessaries, and thus fix the liability of the defendant.   Wherein does this case differ from the one under discussion?

Although, as it will be perceived, I have only introduced this proceeding by way of analogy, still it may be well enough to remark, that the decisions on the subject are somewhat contradictory.   For myself, I am inclined to think, that a note given by an infant for necessaries, is valid.   He cannot bind himself in a bond with a penalty, even for necessaries, (3 *Coke,* 172,) nor any other security where, by the rules of law, the consideration cannot be inquired into.   *Reeves on Domestic Relations,* 230, '1.   But a single bill for necessaries, without a penalty, would be good, and is said, in the case referred to in 3 *Coke,* to have been often so adjudged. *Ayliff vs. Archdale, Crok. Eliz.* 920.   *Earle vs. Peale,* 1 *Salk.* 387. 3 *Bacon,* 594, '5.   If the infant can bind himself by single bill, *a fortiori,* he may, by simple contract, for necessaries.   *Adm'rs of Hane vs. Tarrant,* 2 *Hill 'S. C. R.* 400, '1.   But whether this conclusion be correct or not, the example is sufficient for the purpose for which it has been adduced.

We hold, then, that it was competent to show that the consideration of the note was for services rendered, provisions and materials found on board the boat, by way of fixing the statutory lien; and that the giving of the promissory note by Butts, the agent of the owners, was a liquidation of the account, and made it unnecessary to file a bill of particulars.   The Act itself gives the remedy for " *any debt, due* or *demand,*" and we will not undertake to restrict it to open accounts, or to any other particular mode of indebtedness.

[2.]  It is urged in the argument that it is against the policy of the law to extend these statutory liens; and that justice to creditors and purchasers demands that they should be enforced immediately.   A satisfactory reply to this objection, is furnished by the Act itself, which requires that the debt, due or demand, no mat-

ter what be its nature, whether it exists in open account or note, " shall be prosecuted within twelve months after the same shall become due and payable."

2d. Was the acceptance of the Company's note a waiver of the lien? We think not. Much direct authority might be cited to this point. In *Thompson's Case,* (2 *Browne,* 297,) it was determined that the acceptance of a bond or warrant of attorney, is not an abandonment of a mechanic's lien. So in *Hinchman vs. Lybrand,* (14 *S. & R.* 32,) it was held, that a person who, on furnishing bricks for the erection of a building, agrees to be paid, part in cash and " the balance in lumber, at fair prices, whenever called for out of S's lumber yard," and accepts the guarantee of S for the performance of the contract, does not lose his lien upon the building, given by the Act of the Legislature. In *Kinsley vs. Buchanan,* (5 *Watts,* 118,) the identical point is adjudicated, made by this record, and no other. The Supreme Court of Pennsylvania there decide, that the acceptance of a note is not a relinquishment of the lien given by Statute to mechanics and others. And upon principle, I would ask, why should it be? Additional securities are, in their very nature, cumulative. It is not pretended, in the present case, that there was any express waiver or release of the lien ; why should the mere taking of the Company's note be held an extinguishment by implication? Is there any inconsistency in the creditor's taking the note and retaining his lien? It is nothing new or strange to have two securities for the same debt, and the creditor may have his remedy on both, until he obtains satisfaction. The plaintiff asks only the payment of his debt, which is not disputed; and to that he would seem to be entitled.

Had Elijah Butts agreed, on his part, to look to the personal credit of his debtor, or *another,* for satisfaction of his demand, his lien would undoubtedly have been discharged ; for it is well settled, that a special understanding to this effect, releases the lien. 2 *Kent's Com.* 500. 16. *Vesey,* 275. 1 *Mason,* 191. 4 *Wheat.* 255. 9 *Cowen,* 52. It is sufficient to say, that no such proof was pretended in this case.

The Act of 1834, (see *Hotchkiss,* 623,) giving masons and carpenters an incumbrance on houses erected by them, dispenses with the lien, where the mechanic *takes personal security for his debt.* And this is an express legislative recognition, as well

of the Common Law principle just stated, as of the propriety of the construction which we have given to the Act of 1841, passed in *pari materia.*

[3.] We are not sure that we rightly comprehend the remaining objection relied on for the defendant in error, viz : that " the pleadings show that the plaintiff has received a note of a third person, to-wit : James R. Butts, *agent,* and his lien is thereby discharged."

If it is intended to assert, as the argument indicates, the old doctrine, that a corporation can *contract* only under its corporate seal, it is only necessary to say, that it has long since been repudiated. 12 *Wheat.* 64. 7 *Cranch,* 299. 8 *Wheat.* 338. 1 *Har. & Gill.* 324. 7 *J. J. Marsh.* 85. 1 *Dev. & Bat.* 306. 3 *Rand.* 136. 1 *Cowen,* 513. Aggregate corporations at this day, usually contract through the intervention of agents duly authorized for this purpose. 10 *Mass. R.* 397. 1 *N. & M.* 231. 8 *Conn.* 191. A contract or promise, by a corporation, need not always be made or proved by express vote, but may be implied from corporate acts. 7 *Greenleaf,* 118. A contract or promise of a corporation, is implied by law, from the authorized acts of their agents. 3 *Halsted,* 182. 8 *Pick.* 178. If a person, assuming to act as agent, but without legal authority, make a contract, and the corporation receive the benefit of it, such acts will ratify the contract and render the corporation liable thereon. 1 *Pick.* 372. 19 *Johns.* 60.

The foregoing are now assumed as axiomatic propositions, and are conclusive upon this view of the subject. The note of James R. Butts, *agent,* was the note of the Flint River Steamboat Company. They have never contested their liability upon this note, nor do *they* now dispute it.

Even if this were the individual note of the maker, which he gave for the services rendered and the supplies furnished the steamboat Magnolia by the plaintiff, we should still hold that it was not a payment or extinguishment of the lien, unless the fact was averred and proved on the trial. *Schermerhorn vs. Laines,* 7 *Johns.* 311. *Porter vs. Talcott,* 1 *Cowen,* 359. *Ayres vs. Vanlieu,* 2 *Southard,* 765.

In this last case, David Hagar, the carpenter, had given his note to Ayres, the lumber-master, for lumber furnished Vanlieu; and the question was, what was the effect of this ? Did it, of itself,

destroy the original debt against Vanlieu ? The Court held that it did not ; and that if the note was lost, or any difficulty arose respecting it, either from the insolvency of the maker, or other cause, that the creditor could still resort to the account for his protection.

The case in 1 *Cowen,* is still more in point ; for among other things, the Supreme Court ruled that where the agent contracts for his principal and gives his own notes, they are considered, so far as the question whether they operate as payment is concerned, as the notes of the principal himself, and that notwithstanding the creditor agreed to take the notes of the agent and *his partner,* which were given accordingly, but not paid, that the principal was still liable, there being no agreement to receive the agent's notes, in payment and discharge of the principal's.

Upon the whole case made by the record, therefore, we are of the opinion that the plaintiff's execution ought to have been allowed.