KELLER *vs.* SINGLETON, HUNT & COMPANY.

1. If a vendor sells goods to an agent for his principal, and takes the promissory note of the agent for the amount of the purchase price, this, without more, will not operate as payment of the debt of the principal; and on failure of payment by the agent, the principal will be liable to an action founded on the original consideration.
2. There was no erroneous ruling of the court, and the verdict was supported by the evidence.

October 10, 1882.

Principal and Agent.   Debtor and Creditor.   Before Judge STEWART.   Talbot Superior Court.   March Term, 1882.

Reported in the decision.

WILLIS & WILLIS; J. M. MATHEWS; J. H. WORRILL, for plaintiff in error.

J. H. MARTIN; BLANDFORD & GARRARD, for defendants.

SPEER, Justice.

Singleton, Hunt & Company brought their suit against the plaintiff in error for an amount alleged to be due on an account for goods and merchandise sold to her.

To this action the defendant filed pleas of general issue and payment. Under the evidence and charge, the jury found a verdict for the plaintiff for the amount sued for. Defendant made a motion for a new trial, which was overruled, and she excepted.

It appears from the evidence that the defendant below was engaged in business on her own account, and that plaintiffs below dealt with her exclusively, and gave credit to her alone; that the account sued on was remitted for settlement to the defendant through R. H. Leonard, Esq., and that, on presenting it, he received for it the note of

the husband of the defendant, William Keller, he signing the note as agent, which note has never been paid. It appeared, further, that William Keller was doing busiuess as the agent of his wife, and his note was taken by Leonard under the belief that, signing it as he did, the note bound Louisa Keller, and that she was the responsible party. Plaintiff also showed that the note so taken had been lost, but offered in open court, and pending the trial, to furnish indemnity to profect William Keller from payment.

The material question in the case is, whether, under the law and facts of the case, the closing the account by the note of William Keller, agent, was a payment of said account.

In the case of *Butts vs. Cuthbertson,* 6 *Ga.,* 166, this court ruled, "If A. gives his note to B., in liquidation of the book debt of C., it does not of itself destroy the account, nor is it, without other proof, such a payment that the original debt cannot be resorted to."

It is well settled that one simple contract does not merge another. A check given at two months for goods sold, was held to be no payment, it never having been accepted, unless the plaintiffs took the note in payment. Indeed, it is a general rule that a bill or note, either of the debtor or of a third person, is no extinguishment of the original demand, unless it is expressly agreed to be received as payment. The circumstance that the note was given by the agent of the principal debtor, cannot vary the question. If the vendor, on a sale made to an agent, take the promissory note of the agent for the amount of the purchase, on failure of payment by the agent, the principal would be equally liable to an action by the vendor founded upon the original consideration, as if the note had been given by the principal himself. *Wylly et al. vs. Collins & Co.,* 9 *Ga.,* 223, and authorities there cited. It being clear from these principles that, in the absence of any other proof of payment except the receiving the note of William Keller, agent, in liquidation, the

plaintiffs below could resort to the original indebtedness by suit thereon, and that the defendant would be liable therefor, was there any other error assigned that requires a reversal of the judgment below? We see none in the record. We think the proof as to the account was sufficient to prevent a non-suit and to sustain the verdict, and we see no error in the charge of the court, or refusals to charge, nor in the admission of the testimony of R. H. Leonard, when recalled, to show to whom he was giving credit when he received the note in liquidation.

Judgment affirmed.