8072.  BROWN, adm'r, v. RUTLEDGE & SUMMEROUR *et al.*

1. The allegations in the petition state a case against the defendant, and the court did not err in overruling the demurrer.
2. The court did not err in admitting in evidence the assignment to the plaintiffs.
3. There was evidence to support a judgment for the plaintiff; and where no error of law is shown, this court will not interfere with such a finding by the judge who, by agreement, tried the case without a jury.
                          DECIDED JUNE 7, 1917.

Complaint; from Gwinnett superior court—Judge Brand.  June 30, 1916.

D. W. Wilson, Knox, Lewis & Co., Lowe, Pittard & Co., D. E. Bennett, A. M. Bell, and Rutledge & Summerour brought suit against S. C. Brown, administrator of E. A. Robertson, and alleged that as such administrator he was indebted to the plaintiffs in the sum of $300, besides interest, by reason of the following facts:  On or about the 1st of February, 1900, Gwinnett and Milton counties contemplated the building of a bridge across the Chattahoochee river between said counties.  Before any contract for the building of the bridge was let, and as an inducement to said counties, upon the strength of which the bridge was later built, a bonus of $1,000 was to be paid to them, of which Gwinnett county was to receive $800, and Milton $200.  In order to obtain this bonus, subscriptions were obtained, amounting to $1,000, a part of which was a note for $500, signed by A. M. Bell, R. M. Medlock, and A. J. Roach, and payable to the road commissioners of Gwinnett county and to the ordinary of Milton county.  Gwinnett county, in order to be further protected as to its part of the said bonus, had the plaintiffs to execute and deliver to it a contract, by which they guaranteed the payment of the $800, its part of the bonus.  This agreement as to the bonus was entered into at Lawrenceville, during a session of the board of county commissioners of Gwinnett county, at which A. M. Bell represented the ordinary of Milton county.  The meeting and the agreement were followed by advertisements for the letting of the contract to build the bridge, and the contract was awarded and the bridge built.  The $500 note and the subscription list were turned over to the chairman of the board of county commissioners of Gwinnett county, who in turn delivered them to the cashier of the Bank of Duluth, for safe-keeping, and for collection when due, and subsequently $500 was collected on the subscription

list and paid to Gwinnett county, leaving still $300 due to that county and $200 to Milton county. As against this $500 there was outstanding the $500 note heretofore referred to. A. J. Roach, one of the signers of the $500 note, died, and an administrator was appointed on his estate, and as the administrator, in settling up the estate, desired to see this note, in order to satisfy himself as to the genuineness of the signature of the intestate so that, if it was genuine, he could pay the proportionate part thereof due by the estate, E. A. Robertson, the ordinary of Milton county, requested the cashier of the Bank of Duluth to send him the note for this purpose, and the request was complied with. The petition further alleged, that "after said Robertson came into possession of said note in the manner aforesaid, he collected the entire amount and appropriated the same to his own use, or otherwise diverted it from its proper channel, and failed and refused to pay to these defendants [?], or to the said D. W. Wilson, or to Gwinnett county, the $300 due said Gwinnett county out of said note, and still refuses to do so." The plaintiffs prayed process against S. C. Brown, administrator of the estate of E. A. Robertson.

The defendant filed a demurrer, on the following grounds: "1. That the said petition does not state facts sufficient to constitute a cause of action against defendant. 2. Because it appears, from the allegations of plaintiffs' petition throughout, that if any one is liable to plaintiffs under the facts alleged in the petition, it is Milton county, and not the administrator of the estate of the deceased E. A. Robertson." In his answer the defendant denied liability, and pleaded specially that "E. A. Robertson, then acting ordinary of Milton county, in his official capacity as such, when he collected the note for $500.00, payable to Gwinnett and Milton counties jointly, deposited the said amount in the Milton County Bank, of Alpharetta, Ga., to his account as ordinary of Milton county, and the same was later by said ordinary disbursed for Milton county in the payment of road hands and other Milton county expenses, and charged in the regular channels of the county affairs of Milton county. Although plaintiffs and the present ordinary of Milton county, successor to said Robertson, well knowing or fully informed of the above facts, all of them have failed to collect Milton county's liability, on account of the facts alleged, but prefer to place the burden upo nthe personal estate of the dead,

whose lips are closed." The demurrer was overruled, and by agreement the case was submitted to the presiding judge; who found in favor of the plaintiff.

*N. L. Hutchins,* for plaintiff in error.

*O. A. Nix, I. L. Oakes,* contra.

BLOODWORTH, J. (After stating the foregoing facts.) 1. According to the allegations in the petition, Milton county had no connection whatever with the collection of the money for which suit was brought. The allegations in the petition state a case against the defendants, and the court did not err in overruling the demurrer. "When money is received by one and belongs to another, the party entitled to it may maintain action for its recovery." *Norway v. Clear Lake,* 11 Iowa, 506. "In such an action, it was not essential that any privity of contract between the plaintiff and defendant should have been shown. If the plaintiff's right to the money received by the defendant was established, and the defendant was shown to have received it under such circumstances that it ought not to have retained it, the law implied a promise to pay it to the party who ought to have had it." *Bates-Farley Savings Bank v. Dismukes,* 107 *Ga.* 212 (2) (33 S. E. 175); *M. & W. R. Co. v. Holt,* 8 *Ga.* 166; *Merchants Bank of Macon v. Rawls,* 7 *Ga.* 195 (50 Am. D. 394); *B. & W. R. Corporation v. Dana,* 1 Gray (Mass.), 83; *Calais v. Widden,* 64 Me. 249; 4 Waite's Actions and Defenses, 469, 506.

2. The court admitted in evidence, over objection of the defendant, a writing of which the following is a copy: "Georgia, Gwinnett County: For value received we, the undersigned Board of County Commissioners of said county, hereby transfer and assign to A. M. Bell, Rutledge & Summerour, D. W. Wilson, Knox, Lewis & Company, Lowe, Pittard & Company, and D. E. Bennett any and all claims and liability which the county of Gwinnett may have or may have had against E. A. Robertson, deceased, former Ordinary of Milton county, Georgia, growing out of the bonus guaranteed to the county in connection with the building of the bridge across Chattahoochee river at Rogers ferry in the year 1911. This August 2nd, 1915, J. A. Deaton, W. J. Tribble, R. E. Hill, C. A. McDaniel, J. H. Britt. Board of Commissioners of Gwinnett County." The objections urged to the admission of this evidence were as follows: "I object to it upon the ground that

it doesn't appear to be a transcript of the proceedings of the board of county commissioners, or any certified copy. It doesn't appear it was ever a proceeding of the board of county commissioners, because it is not a transcript of the record of the minutes. The mere fact that it is signed by the county commissioners amounts to nothing. They sign it as having been acted upon by the commissioners. Before it goes into evidence it must come up properly as being a copy of the minutes or a certified copy of the proceedings of the board. It is objectionable because it is a mere statement by which a cause of action, it looks like, was sought to have been made against this defendant. I object to it upon this ground: even if they had authority to make such transfer, they exceeded their authority. I object to it upon those grounds. I don't think it is admissible."

The plaintiff in error relies on section 386 of the Political Code of 1910 to sustain his contentions. The writing admitted in evidence was not such a contract as is contemplated by that section. Before admitting the evidence, it was shown that the paper was signed by the board of county commissioners of Gwinnett county when in regular session, and it was further shown that it had never been entered upon the minutes of the board. There was no error in allowing the paper in evidence. *Bank of Garfield* v. *Clark,* 138 *Ga.* 799 (7) (76 S. E. 95); *Caudell* v. *Athens Savings Bank,* 140 *Ga.* 713 (79 S. E. 776).

3. This case was, by agreement, tried by the judge without a jury. There is evidence to support his finding, and this court will not interfere therewith. *Small* v. *Charleston Bagging Mfg. Co.,* 102 *Ga.* 585 (27 S. E. 763); *Victor* v. *Broad Street Hotel Co.,* 19 *Ga. App.* 592 (91 S. E. 931).

*Judgment affirmed. Broyles, P. J., and Jenkins, J., concur.*