## 11301.  GROSSMAN v. CITY OF ATLANTA.

The order sustaining the demurrer to the petition and allowing a stated
   time in which to amend it, to which no exception was taken, fixed
   the law of the case; and the plaintiff's amendment having failed to
   meet the objections raised by the demurrer, the court did not err in
   dismissing the petition, on oral motion of the defendant when the case
   came up for trial.

DECIDED APRIL 8, 1920.

Action for damages; from Fulton superior court — Judge Ellis.
December 1, 1919.

*J. L. Anderson,* for plaintiff.

*J. L. Mayson, J. M. Wood,* for defendant.

SMITH, J.  The court overruled the general demurrer to the
petition, but sustained all the grounds of the special demurrer, and
allowed the plaintiff 20 days within which to amend his petition
to meet these special grounds.  The order provided that upon
failure to meet the grounds of the special demurrer the case should
stand dismissed.  To this ruling no exception was taken, nor is
error assigned thereon in the bill of exceptions.  Therefore the
ruling that the petition was subject to the special demurrer be-
came the law of the case.  The plaintiff, within the 20 days al-
lowed, filed a purported amendment to his petition.  This amend-
ment was in all substantial respects merely a reiteration of the
various allegations contained in the original petition, and though
it did set out somewhat more at length the contentions of the
plaintiff, these contentions were substantially the same, and the
amendment clearly failed to meet the objections raised by the
special grounds of the demurrer.  No further amendment was
tendered within the 20 days allowed in the court's order.  Under
these facts, when the case came up for trial before a jury, the
court did not err in dismissing it upon oral motion made by the
defendant.  *Hinson* v. *Mutual Fertilizer Co., 19 Ga. App.* 121 (91
S. E. 241); *Baker* v. *City of Atlanta, 22 Ga. App.* 483 (96 S. E.
332).

*Judgment affirmed.  Jenkins, P. J., and Stephens, J., concur.*