15440. HELPING HAND OF THE GOOD SAMARITAN *v.* BANK OF SMITHVILLE.

BELL, J. 1. Parol evidence is admissible to show that a certain corporate action was taken but never entered upon the minutes of the corporation. *Bank of Garfield* v. *Clark*, 138 *Ga.* 798 (7) (76 S. E. 95).

2. It appearing that the defendant by its charter, introduced in evidence by the plaintiff, was granted the power to "execute notes or other instruments or evidence of indebtedness incurred or [which] may be incurred in the conduct of the affairs of said society," and there being some evidence that the particular officers who executed the note sued on had been empowered by the "cabinet board," or governing body of the corporation, to execute it, the court did not err in admitting the note in evidence over objections interposed by the defendant (who had filed a plea of non est factum), that neither the charter power of the corporation to enter into the contract nor the authority of the officers who acted for it in the particular instance had been shown. This ruling will dispose of the 3d, 4th, and 6th grounds of the amendment to the defendant's motion for a new trial, assigning error upon certain excerpts from the charge, upon the ground that there was no evidence to warrant the same.

3. Where, although officers of a corporation are without authority to execute a contract, they do in fact execute it, and the fruits thereof are applied to the proper corporate uses, the corporation will be liable thereon notwithstanding the want of authority in its officers. *Johnson* v. *Mercantile Trust Co.*, 94 *Ga.* 325 (21 S. E. 576); *Towers Excelsior Co.* v. *Inman*, 96 *Ga.* 506 (1) (23 S. E. 418); *Jones* v. *Ezell*, 134 *Ga.* 553, 557 (68 S. E. 303); *Bank of Garfield* v. *Clark*, 138 *Ga.* 798 (2) (76 S. E. 95); *Georgia Hussars* v. *Haar*, 156 *Ga.* 21 (2) (118 S. E. 563). The court was authorized by the evidence to give this principle in charge to the jury.

4. "If a person, assuming to act as agent, but without legal authority, make a contract, and the corporation receive the benefit of it, such acts will ratify the contract and render the corporation liable thereon." *Butts* v. *Cuthbertson*, 6 *Ga.* 166 (3), 171; *Merchants Bank* v. *Central Bank*, 1 *Ga.* 418 (1); *Ocilla Southern R. Co.* v. *Morton*, 13 *Ga. App.* 504 (2) (79 S. E. 480); *Citizens Trust Co.* v. *Butler*, 152 *Ga.* 80 (2) (108

S. E. 468); *Murray* v. *Walker*, 44 *Ga.* 59 (2). The court's charge upon the subject of ratification was not unwarranted by the evidence, there being some proof that a substantial portion of the proceeds of the note sued on were applied to the defendant's proper corporate uses by one of its officers having authority so to apply it and having knowledge of the source whence it was derived.

5. Upon a consideration of the charge as a whole, none of the excerpts therefrom were harmful to the defendant; there was some evidence to authorize the verdict, and the court did not err in overruling the motion for a new trial.

      *Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*

           DECIDED DECEMBER 17, 1924.

Complaint; from city court of Leesburg—Judge Martin. December 31, 1923.

  *Wallis & Fort,* for plaintiff in error.

  *Robert R. Forrester,* contra.