17901.  WHITE COUNTY BANK *v.* CLERMONT STATE BANK *et al.*

JENKINS, P. J.  1. The general demurrer to the petition specifically sets forth the illegality of the certificate of deposit sued on, on account of its appearing by the petition that the certificate was not signed and countersigned by two officers of the bank, as provided by law.  The judgment overruling the demurrer to the petition, being unexcepted to, became the law of the case, and adjudicated the right of the plaintiff to recover upon proof of the facts alleged.  *Lawrence* v. *Boswell,* 155 *Ga.* 690, 693 (118 S. E. 45); *Niemeyer* v. *Dougan,* 31 *Ga. App.* 99 (119 S. E. 544); *Grossman* v. *Atlanta,* 25 *Ga. App.* 161 (102 S. E. 847); *Reddick* v. *Strickland,* 25 *Ga. App.* 275 (3) (103 S. E. 94); *Thomas* v. *Ga. Ry. & Power Co.,* 23 *Ga. App.* 428 (98 S. E. 360).  Accordingly, it has been adjudicated that the certificate of deposit sued on was not illegal and void because, as indicated by the petition, it was not signed and countersigned by two officers of the bank.

2. The court having adjudicated that the certificate of deposit was properly executed, and such a certificate of deposit being a negotiable instrument (*Carey* v. *McDougald,* 7 *Ga.* 84), and it appearing from the agreed statement of facts that the certificate was purchased by the plaintiff for value, and before maturity, in July, 1921, the plaintiff is protected against any defense sought to be set up, save its alleged immoral and illegal consideration.

3. "An illegal and void contract becomes an immoral contract when it is made a crime by statute."  *International Agricultural Corporation* v. *Spencer,* 17 *Ga. App.* 649 (87 S. E. 1101); *Rhodes* v. *Beall,* 73 *Ga.* 641; *Exchange National Bank* v. *Henderson,* 139 *Ga.* 260, 263 (77 S. E. 36, 51 L. R. A. 549).

4. The banking laws of Georgia (Ga. L. 1919, p. 199, art. 19, sec. 18; Park's Code Supp. 1922, § 2280(r)), provide that "no bank shall issue any certificate of deposit except in exchange for lawful money of the United States, or for checks, drafts, or bills of exchange which are the actual equivalent of such money."  Another section (Ga. L. 1919, p. 219, Park's Code Supp. 1922, § 2281(ee)) makes the violation of this and other provisions of the act a misdemeanor.  The purpose and effect of the prohibition quoted is to prevent a bank from pledging its credit and increasing its liability to depositors by trading its certificates of deposit for any instrument not the equivalent of cash.  Banks are authorized "to discount bills, notes or other evidences of debt."  Ga. L. 1919, p. 188 (Park's Code Supp. 1922, § 2278(a)).  Since the law presumes that every man, in his private and official character, does his duty and obeys the mandate of the law until the contrary is proved (*Truluck* v. *Peeples,* 1 *Ga.* 3, 5; *Bond* v. *Central Bank,* 2 *Ga.* 92, 108), it will not be taken that a bank has violated the first quoted provision of the banking act upon its merely being made to appear that a certificate of deposit has been issued to a customer in an amount representing the net proceeds of a note discounted for the depositor upon the same date, since the presumption would be that the discount of the note was bona fide and independent of any condition or understanding that its purchase price would be

discharged by the customer's acceptance of a time certificate of deposit. It will be assumed, until the contrary is made to appear, that the transactions were separate and independent, and that the proceeds accruing to the customer by the discount of the note were voluntarily used by him in the purchase of the time certificate of deposit, rather than that the acceptance of the time certificate was made a condition to the discount of the note by the bank, or, in other words, that the bank and the customer agreed to exchange the time certificate for the note.

5. In the instant case, all questions of law and fact having been submitted to the court upon an agreed statement of facts, the finding of the court, if authorized, will not be disturbed. *Brown* v. *Rutledge*, 20 *Ga. App.* 118 (3) (92 S. E. 774). In the agreed statement of facts it is stated that "the Clermont State Bank discounted a note for J. A. Riley on July 12th, 1921, said note being on O. L. Agnew for the sum of $270.00, *this note being the only money or other thing of value negotiated in said bank on said date* by said J. A. Riley." The theory under which the plaintiff would be entitled to recover involves two transactions, the discount of the note to the bank, and the subsequent purchase by the customer of the time certificate with the proceeds thereof. The theory under which the defendant would be entitled to prevail is that there was only one transaction, the discount of the note to the bank for and in consideration of its time certificate. The judge found in favor of the defendant. Since the agreed statement of facts authorizes the construction or conclusion that the discount of the note and the issuance of the time certificate constituted the one and only transaction had between the bank and its customer, "this note being the only money or other thing of value negotiated in said bank on said date by said Riley," it necessarily follows that the effect of the transaction was but an agreement by which the bank issued its certificate of deposit in exchange for the customer's note. Such a transaction, under the ruling in the preceding division of the syllabus, is prohibited by law, and the court did not err in its judgment rendered for the defendant.

    *Judgment affirmed.* *Stephens and Bell, JJ., concur.*

DECIDED OCTOBER 13, 1927. REHEARING DENIED NOVEMBER 21, 1927.

Complaint; from Hall superior court—Judge J. B. Jones. December 22, 1926.

Application for certiorari was made to the Supreme Court.

STATEMENT OF FACTS BY JENKINS, P. J.

The White County Bank sued Clermont State Bank and J. A. Riley on a certificate of deposit indorsed to the plaintiff by Riley, which was as follows:

      Clermont State Bank 64-1012.

No. 26.          Clermont, Ga. July 12, 1921.

J. A. Riley has deposited in this Bank two hundred and sixty dollars ($260.00) payable to the order of himself in current funds

on the return of this certificate properly indorsed 9 months after date, with interest at 5 per cent. per annum.   No interest after ........months.

Not subject to check.                          J. D. Wilson, Cashier.

The defendant bank interposed a demurrer setting up that the petition set forth no cause of action, and that the certificate of deposit sued on showed on its face that it was illegal and void because not signed and countersigned by two officers of the bank as required by law.   The court overruled the demurrer of the defendant, and thereafter the case was submitted to the court for determination, without the intervention of a jury, on the following agreed statement of facts:

"The Clermont State Bank discounted a note for J. A. Riley on July 12th, 1921, said note being on O. L. Agnew for the sum of $270.00, this note being the only money or other thing of value negotiated in said bank on said date by said J. A. Riley.   The cashier of said Clermont State Bank on same date issued the time certificate sued on, copy of which is set forth in the original petition, for the sum of $260.00 to J. A. Riley, due nine months after date.   The Clermont State Bank still holds the note discounted as above, said note being still uncollected, and so far as defendant can learn uncollectible; that subsequently and before said time certificate became due, said J. A. Riley sold said time certificate to White County Bank, and that White County Bank paid full value therefor less five per cent.   That White County Bank made demand on said Clermont State Bank for payment of said time certificate before suit was filed in this case, and payment was refused by said Clermont State Bank."

It is contended by the defendant that the time certificate is void under the banking act of 1919, Park's Code Supp. 1922, § 2280(r), which provides that "No bank shall issue any certificate of deposit except in exchange for lawful money of the United States, or for checks, drafts, or bills of exchange which are the actual equivalent of such money, and all certificates of deposit shall be signed by one officer of the bank and countersigned by another officer or bonded employee thereof."

On the agreed statement of facts, the court entered up judgment in favor of the defendant, to which exception is now taken.

*Underwood & Henderson, A. C. Wheeler,* for plaintiff.
*E. D. Kenyon,* for defendants.