21440. CITY OF NEW YORK INSURANCE COMPANY *v.* MOBLEY, superintendent of banks, *et al.*

JENKINS, P. J. 1. The decision of this court in *White County Bank* v. *Clermont State Bank,* 37 *Ga. App.* 268 (140 S. E. 767), is to the effect that the prohibition contained in the banking laws of Georgia (Ga. L. 1919, p. 199, art. 19, sec. 18; Park's Code Supp. 1922, § 2280 (r)), against a bank issuing "any certificate of deposit except in exchange for lawful money of the United States, or for checks, drafts, or bills of exchange which are the actual equivalent of such money," is designed to prevent a bank from pledging its credit and increasing its liability to depositors by trading its certificates of deposit for any instrument not the equivalent of cash; but that, since banks are authorized "to discount bills, notes, or other evidences of debt" (Ga. L. 1919, p. 188; Park's Code Supp. 1922, § 2278 (a)), and the law presumes that every man, in his private and official character, does his duty and obeys the mandate of the law until the contrary is proved (*Truluck* v *Peeples,* 1 *Ga.* 3, 5; *Bond* v. *Central Bank,* 2 *Ga.* 92, 108), it will not be taken that a bank has violated the first-quoted provision of the banking act upon its merely being made to appear that a certificate of deposit has been issued to a customer in an amount representing the proceeds of a note discounted for the depositor upon the same date, the presumption being that the discount of the note was bona fide and independent of any condition or understanding that its purchase-price would be discharged by the customer's acceptance of a time certificate of deposit. In that case it was held that the theory on which the plaintiff holder of a time certificate of deposit, which had been issued by the defendant bank to its customer on the same date that it had discounted a note for the customer, and in the amount represented by the proceeds of the note, would be entitled to recover involved two transactions, the discount of the note to the bank, and the subsequent purchase by the customer of the time certificate with the proceeds thereof; that the theory under which the defendant bank would be entitled to prevail was that there was only one transaction, the discount of the note to the bank for and in consideration of its time certificate.

2. In the instant case the time certificates of deposit sued on were issued to the plaintiff insurance company not in consideration of notes transferred to the bank by the insurance company, but in consideration of the purchase of such time certificates by the agent of the insurance

company, who discounted to the bank certain premium notes *payable to himself*, and with a portion of the proceeds thereof purchased time certificates of deposit, payable to the insurance company, in amounts representing the net premiums due the company, in all such cases the amounts of the time certificates of deposit representing 83% of the proceeds of the notes discounted, the remaining 17%, which represented the commission of the agent, being credited to the agent's personal checking account. Under the circumstances there must have been two separate transactions between the bank and the insurance agent, to wit, the discount of the notes to the bank, and the subsequent purchase from the bank, by the agent, of time certificates of deposit representing the net amount due the insurance company by the agent on account of the policies applied for. A contrary ruling is not required by reason of the fact that it appears from the evidence that the practice of the insurance company was to allow its agent a commission of 20% when the net premium due the company was forwarded in cash with the application, whereas it would allow a commission of only 17% when the agent delivered to the company, in lieu of cash, time certificates of deposit maturing in the future, representing the net premiums due the company. It appears without dispute, from the testimony offered on behalf of the defendant bank, that the insurance agent was not permitted by the company to forward applicants' notes for the net premiums due the company, but was required either to remit cash with the application, or a certificate from a bank showing the deposit of the net premium to the credit of the company with the bank. It thus appears that the discount of the premium notes was not in any sense a transaction between the bank and the insurance company, but one entirely between the bank and the insurance agent, and that such discount was a separate and distinct transaction from the agent's subsequent purchase of the time certificates, so as to bring the case within the rule in *White County Bank* v. *Clermont State Bank*, supra. In point of fact, it is admitted in the instant case that the defendant bank has actually collected all the notes discounted to it by the insurance agent except one, which was in a very small amount and was admitted to be good.

3. The verdict in favor of the superintendent of banks in the instant suit, to establish the claim of the plaintiff holder of the time certificates of deposit as a depositor of the defunct bank issuing the certificates, was not authorized, and must be set aside.

*Judgment reversed. Stephens and Bell, JJ., concur.*

.DECIDED DECEMBER 21, 1931.

*Leroy Cowart,* for plaintiff in error. *W. H. Lanier,* contra.