23394. GAINES v. MERLIN.

DECIDED SEPTEMBER 18, 1934.

*Eldon Haldane,* for plaintiff.

*DeKrasner & Goodman, Murrell & Murrell,* for defendant.

BROYLES, C. J. The court reserved its decision on the general ground of the demurrer to the petition, but sustained several special grounds of the demurrer, and allowed the plaintiff thirteen days within which to amend the petition, to meet these special grounds. The order of the court provided that unless such an amendment should be made, the case would "on motion be dismissed." To the foregoing ruling on the demurrer no exception was taken, nor is error assigned thereon in the bill of exceptions. Therefore the ruling that the petition was subject to these special grounds of the demurrer, and that the case would on motion be dismissed, unless within the specified time the plaintiff should file an amendment curing the defects in the petition, pointed out by the special demurrers, became the law of the case. The plaintiff, within the time allowed, filed an amendment to the petition, but the amendment did not meet the objections raised by those special grounds of the demurrer which had been sustained by the court. It follows that the court did not err in dismissing the case on the motion of the defendant. *Baker* v. *Atlanta,* 22 *Ga. App.* 483 (96 S. E. 332); *Grossman* v. *Atlanta,* 25 *Ga. App.* 161 (102 S. E. 847); *Beverly* v. *Crowe,* 40 *Ga. App.* 538 (150 S. E. 436). The case of *Wardlaw* v. *Executive Committee &c.,* 47 *Ga. App.* 595 (172 S. E. 742), cited by counsel for the plaintiff in error, is not in point, for there the court sustained the general and special grounds of the demurrer to the petition, without allowing the plaintiff any time to amend, and the ruling on the demurrer was excepted to and did not fix the law of the case.

*Judgment affirmed. MacIntyre and Guerry, JJ., concur.*