28838. WILLIAMS BROTHERS LUMBER CO. *et al. v.* YOUNG MEN'S SYRIAN ASSOCIATION.

DECIDED JULY 1, 1941.  REHEARING DENIED JULY 24, 1941.

*T. E. McLemore,* for plaintiff in error.  *R. B. Blackburn,* contra.

BROYLES, C. J.  Young Men's Syrian Association, a corporation, filed in the civil court of Fulton County a suit against M. H. Yancey, as principal, and W. A. Williams, and Williams Brothers Lumber Company, a corporation, to recover the sum of $562 alleged to be due because of an alleged breach of a building contract. (The plaintiff is hereinafter referred to as "the association.") The petition alleged that Yancey entered into a written construction contract with the association to remodel a certain building in the City of Atlanta for the sum of $2600; that Yancey executed a bond, not under seal, for the faithful performance of the contract, and that W. A. Williams and Williams Brothers Lumber Company signed the bond as sureties; that said lumber company received a financial benefit for signing the bond in that it sold to Yancey building materials used in the construction of the building; that during the construction, the association discovered that the work was defective in that there was a sag in the roof of the building caused by the trusses being too weak to carry the load and due to faulty construction; that Yancey was notified of the defect and demand was made on him and the defendant lumber company to correct the defect; that they failed to do so, and that the plaintiff employed another firm to whom it paid the sum of $562 for correcting the defect in the building. The defendants in their answers admitted the execution of the contract and the bond, but denied responsibility for the defect, and the lumber company fur-

ther pleaded that its act of signing the bond was an ultra vires act and that it "received no special benefit therefrom," and "that W. A. Williams, as secretary and treasurer, had no authority under the by-laws of the corporation" to sign the corporate name as surety on any contract, such power being "invested in the president of the corporation." The jury returned a verdict in favor of the plaintiff for the amount sued for. The motion for new trial was denied, and, subsequently, a certiorari was overruled by a judge of the superior court.

The evidence, while in some dispute, substantially supported the allegations of the petition. But it is contended in behalf of the lumber company that the signing of the bond by that company was an ultra vires act, and that since the bond was not made under seal the signing of the corporate name by the secretary and treasurer of the corporation was not binding on the corporation. The cases cited in support of the contention are where the corporation in question received no financial or other material benefit by the signing of the bond. A different rule applies where the corporation received such a benefit. In *Bank of Garfield* v. *Clark*, 138 *Ga.* 798 (2) (76 S. E. 95), it was held: "If officers of a corporation executed, even though without previous authority, a transfer of title to land belonging to it, and thereby procured a loan, which was subsequently renewed on the same security, the corporation could not retain the fruits of the transfer and at the same time successfully defend against it as being unauthorized." In *Mercantile Trust Co.* v. *Kiser*, 91 *Ga.* 636, 639 (18 S. E. 358), Bleckley, C. J., said: "If it was good business or if there was good reason to think that it would be good business on the part of the sawmill corporation to aid in raising means to construct a railway for use as a timber carrier rather than get its timber carried in some other way, what ground is there for holding that the guaranty of interest on these bonds was ultra vires? We see none. A sufficient consideration for the guaranty was furnished by the advantage to the sawmill corporation which was expected to be derived, and doubtless was derived, from the construction and operation of a railway." In *Jones* v. *Ezell*, 134 *Ga.* 553, 556 (68 S. E. 303), the court made the following statement: "If on the trial of the case it should appear that the officers were without authority to execute the various contracts, but did in fact execute them, and the fruits

thereof were applied to proper corporate use, the corporation will still be liable, notwithstanding its officers may have been without specific authority to execute the particular form of contract. The corporation can not retain the property or money of the creditor, and successfully defend because it was obtained by an ultra vires act of its officers. *Towers Excelsior Co.* v. *Inman,* 96 *Ga.* 506 (23 S. E. 418). A plea by the corporation that the act is ultra vires is one thing; evidence which holds the corporation responsible for the consideration of the contract in spite of its ultra vires character is quite a different matter." The principle of the foregoing rulings is applicable to the facts of the instant case where the evidence showed that the defendant corporation received a large amount of money from defendant Yancey for building materials, and there was a clear inference from the evidence that said financial benefit induced the corporation to execute the bond. The evidence supports the verdict; and none of the special grounds of the motion for new trial shows cause for a reversal of the judgment.

*Judgment affirmed. MacIntyre and Gardner, JJ., concur.*