29469.   ATLANTA COLEDRINX CO. *et al. v.*
MORRIS PLAN BANK.

Decided February 28, 1942. Rehearing denied March 17, 1942.

*Mozley & Combs, Burress & Dillard,* for plaintiffs in error.
*Houston White,* contra.

Felton, J. The Morris Plan Bank of Georgia sued the Atlanta Coledrinx Company and others, on a promissory note due eighteen months after date, to recover the sum of $5400 principal with interest and attorney's fees. The signers therein subscribed for an investment certificate of deposit of the Morris Plan Bank in an amount equal to the face of the note, and agreed to pay for it fully on the terms and conditions set forth in a pass book issued to them at the time of the closing of the loan evidenced by the note, and transferred and assigned to the bank, as collateral security to secure the note, all their right, title and interest in and to the subscription No. 5 M17300. The note further provided that upon default in the payment of any instalment due on the subscription for the investment certificate of deposit the note should become due and payable at the option of the bank. The petition alleged that the subscription instalment of $300 due May 5, 1941, was not paid when due, and that plaintiff "called" the note sued on due according to its terms. The defendants filed a motion to dismiss the action on the ground that the petition showed that the transaction is made a crime by the laws of the State, and that there could therefore be no recovery thereon. The court overruled the motion, after the petition was amended to show the above facts, and the defendants excepted.

The plaintiffs in error contend that the transaction disclosed by the note sued on is violative of Code § 13-2018, which forbids any bank to issue or sell its certificates of deposit except for actual cash or its equivalent. The petition and note do not show a sale of a certificate of deposit other than for cash or its equivalent. They do not show that a certificate of deposit has been issued, sold or delivered; they merely show a contract to sell. We see no prohibition against such a transaction in the Code section referred to. The purpose of the law is to "prevent a bank from pledging its

credit and increasing its liability to depositors by trading its certificates of deposit for any instrument not the equivalent of cash." *City of New York Insurance Co.* v. *Mobley,* 44 *Ga. App.* 474 (161 S. E. 791). There is nothing in the note or petition to show that the completed sale or delivery of the certificate was to be made until it was fully paid for. This is the only question raised by the demurrers. The court did not err in overruling the motion to dismiss the action.

*Judgment affirmed. Stephens, P. J., and Sutton, J., concur.*