### 37701. FLATAUER FIXTURE & SALES CORPORATION v. GARCIA & ASSOCIATES.

TOWNSEND, Judge. The rulings for review by this court are the overruling of a general demurrer to the petition and the denial of a motion for new trial as amended. Garcia & Associates, Inc., filed a suit on open account against Flatauer Fixture & Sales Corporation in the Civil Court of Fulton County. The copy of invoice attached as a bill of particulars shows the

plaintiff as "Consulting and Designing Engineers" and the services rendered as "Plans & Specifications for Marty's Ice-Cream Parlor $350. Topographic survey for above site $75." The trial before the court without a jury resulted in judgment for the plaintiff. The defendant, plaintiff in error here, makes three contentions, which are urged both in support of the demurrer to the petition and the various grounds of the motion for new trial; accordingly, these issues will form the basis of the various divisions of this opinion.

1. (a) It is contended that the plaintiff is not entitled to recover for the reason that the pleadings and proof show that it rendered architectural services to the defendant, and fail to show that it was licensed so as to engage in the practice of architecture under Code (Ann.) § 84-301. The services rendered come within the purview of Code (Ann.) § 84-2103 defining and regulating engineers and land surveyors, and including in the term *engineering* "planning, designing, or responsible supervision of construction or operation in connection with any public or private utilities, structures, buildings, machines, equipment," etc., and also the term *land surveyor* including "surveying of areas of the earth surface for their correct determination and description." The evidence in the case showed that the plaintiff surveyed and prepared a topography map of the lot of a prospective customer of the defendant, a dealer in ice-cream manufacturing machinery, and then prepared plans and specifications for a building to be placed on the lot for the purpose of selling ice cream and containing the plaintiff's machinery. All of such services are comprehended within those which may be performed by a licensed engineer and land surveyor under Chapter 84-21.

(b) The pleadings and evidence are silent as to whether the plaintiff was in fact so licensed, and the question arises as to whether the plaintiff needed to plead and prove this fact to support a recovery, there being no evidence to the effect that it was not in fact properly licensed as an engineer. A real-estate broker must plead and prove that he is properly licensed, but this is in view of the special requirements of Code (Ann.) § 84-1401, which does not, of course, apply to engineers. See *Cline* v. *Crane*, 90 *Ga. App.* 192 (82 S. E. 2d 175). It is no doubt true that if the plaintiff were not licensed, proof of such fact would be a defense to the action in view of

Code (Ann.) § 84-2102 which makes it unlawful for any person to offer to practice professional engineering or land surveying unless he is duly registered under the provisions of the chapter. As stated in *Brown* v. *Glass*, 46 *Ga. App.* 323 (2) (167 S. E. 722): "In all such cases the mandate of the statute requiring such license and registration prior to the practice of such trade or profession is equivalent to a prohibition to engage therein without first complying with its provisions, whether expressly so stated or not, and whether or not a penalty for such violation be prescribed; the result being that a failure to comply with the requirements of such statute renders contracts made by those unauthorized to practice such profession void and unenforceable." See also *Padgett* v. *Silver Lake Park Corp.*, 168 *Ga.* 759 (149 S. E. 180). In these cases, however, the opposite party pleaded and proved that the party attempting to collect for services rendered in a trade or profession where licensing or registration was required by law was not in fact properly licensed and registered. The defendant here could have pleaded and proved this defense if the facts so warranted, but it did not do so, and in fact does not contend that the plaintiff was not so registered, but only that it was not registered as an architect. Since the latter registration was not needed for the work which the plaintiff performed, this contention is without merit.

2. " 'After a contract entered into by a corporation has been performed by either of the contracting parties, the fact that the making of the contract involved an unauthorized exercise or corporate power on the part of the company will not constitute a defense to an action brought by the party having performed the contract, to recover compensation for a breach of the contract by the other party.' *Towers Excelsior Co.* v. *Inman*, 96 *Ga.* 506 (23 S. E. 418)." *Donalsonville Live Stock Co.* v. *Corporation Service Co.*, 24 *Ga. App.* 302 (2) (100 S. E. 731). The contention that the contract in question was beyond the charter powers of the defendant is without merit.

3. It is further contended that the corporate officer who ordered the plans and map prepared by the plaintiff had no authority from the corporation to do so. In *Alexis, Inc.* v. *Werbell*, 209 *Ga.* 665, 669 (75 S. E. 2d 168) it is stated: "No application of the doctrine of ultra vires acts will allow a corpora-

tion to retain and use the benefits of a contract and at the same time refuse to comply with its part of the contract under which they were obtained. *Johnson & Harrold* v. *Mercantile Trust Co.*, 94 *Ga.* 324 (21 S. E. 576). And this court has repeatedly held that, where the officers of a corporation, though without authority to do so, do in fact execute a contract in behalf of the corporation, and the fruits of it are received, retained, and applied to corporate uses, the corporation will be liable thereon notwithstanding any want of authority in its officers. *Merchants' Bank of Macon* v. *Central Bank of Georgia*, 1 *Ga.* 418 (1) (44 Am. Dec. 665); *Towers Excelsior & Ginnery Co.* v. *Inman*, 96 *Ga.* 506 (1) (23 S. E. 418); *Jones* v. *Ezell*, 134 *Ga.* 553, 556 (68 S. E. 303); *Bank of Garfield* v. *Clark*, 138 *Ga.* 798 (2) (76 S. E. 95); *Georgia Hussars* v. *Haar*, 156 *Ga.* 21 (2) (118 S. E. 563); *Helping Hand of the Good Samaritan* v. *Bank of Smithville*, 33 *Ga. App.* 285 (3) (125 S. E. 794)." The evidence here shows that the corporation had all powers granted to corporations generally, which includes power to contract; that its principal business was the selling, among other things of refrigeration and dairy fixtures; that it desired to persuade a prospective customer to build a building known as "Marty's Dari-King" on land owned by her and install the defendant's machinery therein; in order to influence her to make the purchase these plans were prepared for her use; that the letter of authorization to the plaintiffs was on the company letterhead and signed "Flatauer Fixture & Sales Corp. by Benno J. Flatauer"; that Mr. Flatauer was the person who dealt with the plaintiffs, but the plaintiffs many times called the corporate office in connection with the work as they went along; that the contract was completed by the plaintiffs, the plans and map delivered to the corporation, and no disavowal of liability or offer to return the same was made by the corporation until after the action was filed. Under these circumstances the mere statement of Benno Flatauer, made on the trial that the corporation had not authorized him to order the work done, at most presents a question of fact as to whether the corporation as such authorized or subsequently ratified the act of its officer in making the contract in question. This contention is also without merit.

The trial court did not err in overruling the general demurrer and the motion for new trial as amended.

*Judgment affirmed. Gardner, P. J., and Carlisle, J., concur.*
DECIDED JUNE 9, 1959.

*Sam G. Dettelbach,* for plaintiff in error.
*George G. Chenggis, Richardson & Chenggis,* contra.